McLAUGHLIN, ESTATE OF, IN RE. BOWERS, TAX COMMR., APPELLANT, v. UNITED STATES GOVERNMENT, APPELLEES.

Ohio Appeals, Seventh District, Noble County.

No. 142. Decided June 30, 1961.

*Mr. Thomas S. Schattenfield,* assistant United States attorney, for appellee.

*Mr. Mark McElroy,* attorney general, and *Mr. John J. Lokos,* assistant attorney general, for appellant.

DONAHUE, J. This is an appeal on questions of law only, from the determination of the Probate Court of Noble County.

It involves the single question of whether or not the United States Government is liable for inheritance tax to the State of Ohio under the Statutes of Ohio.

The testator bequeathed certain monies to the United States Government, a rather unusual procedure, to say the least.

Section 5731.02, Revised Code, provides as follows:—

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, * * *."

Section 5731.09 sets out the exemption to the tax levied in Section 5731.02, Revised Code.

The assignments of error are clearly exemplified in the State's "conclusion" in its brief which claims that:—

"1. The bequest to the United States is a taxable succession.

"2. The State of Ohio can tax successions, even to the United States.

"3. The United States is not expressly exempted under the Ohio Statute.

"4. The inheritance tax should be levied on the bequest to the United States."

On the second conclusion, we agree wholeheartedly. However, the question here, is not whether or not the State can tax successions to the United States, but whether or not it *has* done so.

The third conclusion is also sound. We find nothing in Section 5731.09, Revised Code, which expressly exempts the United States from inheritance tax.

The other two questions can be treated together since both involve the levying of the tax under Section 5731.02, Revised Code. At this point it would be well to remember that this section deals with the imposition of the tax and in no way effects any exemptions. Nothing in this section eliminates any beneficiary from the tax. It imposes a tax on successions. However, in construing a statute, like a will, we must construe it as a whole. This section places the tax on the succession but limits the tax on successions to those of a "person, institution or corporation." It may be true that the legislature, in its wisdom, may have thought that those words were all-inclusive and covered the field.

But in the instant case, the state makes no attempt to label

the United States government an "institution." Some attempt is made to include it as a "person," but we are not persuaded. Obviously, "persons" as used here refer to people, and we can see no other interpretation that doesn't strain the imagination. Statutes are construed as using words in their usual and ordinary sense. And, although, the United States is familiarly known as Uncle Sam, no one seriously thinks of the Federal Government as a person in any respect.

That leaves the question of "corporation." The term "municipal corporation" is common, but is the result of statutory definition. Likewise the term "corporation" itself is thoroughly covered and defined by the Ohio Statutes as well as thoroughly regulated thereby. And we are unable to find anything in the "corporation" law of Ohio which in any way intimates that the United States Government is included in the term as defined by statute.

We conclude, as did the court below, that Section 5731.02, Revised Code, places a tax on successions only of a "person, institution or corporation"; no other successions are listed as taxable; and that the United States Government is not a person, nor an institution, nor a corporation within the purview of the statute.

Judgment affirmed.

BROWN, P. J., and GRIFFITH, J., concur.