IN RE ESTATE OF ANDERSEN, DECEASED.

(No. 243140.   Decided January 14, 1965.)

Probate Court of Hamilton County.

*Mr. William B. Saxbe,* attorney general, and *Mr. Daronne R. Tate,* for Tax Commissioner.

*Mr. Joseph P. Kinneary,* United States Attorney, and *Mr. Arnold Morelli,* for United States Government.

*Messrs. Hoover, Beall & Eichel,* for estate.

SCHNEIDER, Chief Referee.   This case came before the court on exceptions filed by the Tax Commissioner of Ohio to the determination of inheritance tax on the succession in the estate of Martin Andersen, deceased, to the United States Government and in which case the court directed a reference.

The facts are not in dispute.

The decedent Martin Andersen, in Item VII of his Last Will and Testament provided: "All the rest and residue of my estate I give, devise and bequeath to the United States Government." The value of this bequest appears to be $8622.67 and on April 16, 1964, the court found that this bequest was not subject to Ohio inheritance tax.

On May 20, 1964, the Tax Commissioner of Ohio filed exceptions to this determination, claiming that the court erred in finding that the United States Government is entitled to exemption for inheritance tax purposes.

At a hearing before the court on July 13, 1964, it was agreed that all papers in the Probate Court of Hamilton County under Case No. 243140, relating to the estate of the decedent, be admitted in evidence.   Briefs were filed by the attorneys for the Tax Commissioner and by the United States Attorney.

The issue being the taxability of the United States Government under the provisions of Section 5731.02, Revised Code, and the Exemption Section 5731.09, Revised Code, and it is asserted by the Tax Commissioner that the United States Government is a corporation under the terms of said Sections.

CONSTRUCTION OF THE STATUTES

If the United States is subject to inheritance tax under the provisions of the succession tax laws of the state of Ohio it would necessarily be based upon the fact that the government

of the United States is to be regarded as a "corporation" it being provided in Section 5731.02, Revised Code: "A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases: * * *."

Under the Constitution of the United States the preamble states: "We, the people of the United States, in order to form a more perfect union * * * do ordain and establish this Constitution of the United States of America." following which the seven separate articles and amendments are set forth. In Webster's International Dictionary the United States is defined as "a federation of states" and the word federation as is applicable, an "act of uniting to form a sovereign power so that each of the uniting powers retains the management of its own local affairs." A fitting definition would be "it is a representative entity, created by the citizens of all the confederated colonies through their delegated representatives, to form a sovereign power." It is frequently referred to as a government of delegated power. (Amendment X Constitution) It is a division of power by compact, hence a federal government.

This entity was formed on the basis of a surrender of powers by the separate colonies rather than a grant of powers as the power granted can in no manner be terminated. Additional power or authority can be given and that which has been given can be modified by amendment. The Constitution is the supreme law of the land (Article VI Constitution). From the above it would indicate that to regard the United States of America as a corporation would be a strained deduction from the existing facts as it is operated under the authority surrendered by the states and the fields in which it operates are exclusive, and that of a sovereign state.

If the entity is supreme it cannot be regarded as a corporation when the word is used in ordinary context, without further modification or enlargement of the term.

In considering the exemptions set forth in Section 5731.09, Revised Code, it is provided that no tax is levied on property "passing to or for the use of the state, or to or for the use of a municipal corporation or other political subdivision thereof for exclusive public purposes, * * *." Giving the words used, their ordinary meaning in Section 5731.02, Revised Code, there

exists no legal requirement for the exception provisions relating to the state or a political subdivision thereof, as no tax under the terms used was levied by the provisions of the limited field subject to tax appearing in that Section and the only exemption granted by the words used relates to a municipal corporation. The state of Ohio or any other state or political subdivision thereof is not taxed. The phraseology used is indicative that the legislative purpose was directed and limited to the state of Ohio by the use of the singular form "state" but since no tax was levied on a state the exemption was only expressive of the original intent not to tax.

The United States existed for many years prior to the effective date of the tax imposed on successions and if it had been the purpose of the legislature to tax all successions except as were exempted it could have done so.

*In re Estate of McLaughlin*, 88 Ohio Law Abs. 105, the testator bequeathed certain monies to the United States Government and the Court of Appeals affirmed the finding of the Probate Court of Noble County the syllabus being: "Section 5731.-02, Revised Code, levies a tax on successions only of a person, institution or corporation, and the United States Government is not a person, institution or a corporation within the purview of the statutes."

With this conclusion we concur.

The elected and appointed officials of the United States Government act in a representative capacity and at that point its similarity to a corporate entity ceases and reference to it as a corporation can be distinguished in the cases and references made from the context in which the term was so employed.

The states being the reservoir of all remaining power can levy a succession tax upon the sovereign state, but the legislative authority of the state of Ohio was specific in the levy of the tax and in giving the words used, their usual and ordinary meaning did not subject the sovereign to the tax.

DECISION

The United States Government under the provisions of Section 5731.02, Revised Code, is not subject to Ohio inheritance tax.